**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JANINE WILKINS** and **JEFF WILKINS**,
individually, and as parents and next friends
of **JACOB JOSEPH WILKINS** and
**MARGUERITE MARIE WILKINS**,

      Plaintiffs,

  vs.                              No.   **CIV 01-0438 MCA/LFG (ACE)**

**EASTERDAY JANITORIAL SUPPLY
COMPANY**, a California corporation;
**ABM INDUSTRIES, INC.**, a Delaware
corporation; and **CNA FINANCIAL
CORPORATION** through **CNA INSURANCE
GROUP** and its subsidiary **CONTINENTAL
CASUALTY COMPANY**,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendants' Motion for Summary Judgment* [Doc. No. 33] filed on March 21, 2002. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court finds grounds for granting Defendants' motion in part and denying Defendants' motion in part as explained below.

**I.    BACKGROUND**

Plaintiffs' *Complaint for Personal Injury* alleges that on February 7, 2001, Plaintiff Janine Wilkins was a passenger in a 2000 Chevrolet van that was being driven northbound on Interstate 25 in Sandoval County, New Mexico, by Antoniette T. Pachelli, when the van was involved in a rollover incident that caused injury to Ms. Wilkins.  Plaintiffs' complaint further alleges that:  "The proximate cause of the rollover incident was the inattention, negligence, and violation of the law by the defendants in the ownership, control, operation, use, and maintenance of the van."  (Compl. ¶ 6.)

According to Plaintiffs' complaint, Defendant Easterday Janitorial Supply Company (Easterday) is the owner of the van and the employer of Ms. Pachelli; Continental Casualty Company (Continental) is the insurer of the van; CNA Financial Corporation and CNA Insurance Group (collectively CNA) are the parent companies of Continental; and ABM Industries, Inc. (ABM) is Easterday's parent company.[1]  The parties do not dispute the diversity of their citizenship or that the amount in controversy is greater than $75,000.  (Compl. ¶ 5; Answer ¶ 5.)

The undisputed facts stated in Defendants' memorandum in support of their summary-judgment motion, as well as the exhibits attached thereto, suggest that driver error was the cause of the rollover incident that is the subject of Plaintiffs' complaint.  In particular, Defendants point to evidence that the driver of the van, Ms. Pachelli, allowed the van to start

---

[1] A sixth defendant, D.L. Peterson Trust, was named in Plaintiff's complaint, but was later dismissed from this action without prejudice by stipulation of the parties filed on June 15, 2001.

drifting into an adjacent lane of the highway occupied by another vehicle, and that she then caused the van to roll by overcorrecting and turning too sharply. (Def. Mem. at 3-4; Pavlakos Dep. at 6-8; Sweeney Dep. at 11; Carpenter Dep. at 12, 25.)

Defendants "recognize Plaintiffs' claims against Easterday for the negligence of Ms. Pachelli under the doctrine of *respondeat superior*." (Def. Mem. at 8.) In particular, Defendants acknowledge that Ms. Pachelli was an employee of Easterday and that Ms. Pachelli was working as a cleaning-supply sales person for Easterday with business to conduct for that company in Santa Fe, New Mexico, on the date of the rollover incident. (Def. Mem. at 2-3; James Dep. at 8-9; Wilkins Dep. at 38, 41.)

Nevertheless, Defendants' summary-judgment motion asserts that there is an absence of evidence to support Plaintiffs' claims against ABM or CNA. Defendants also assert that there is an absence of evidence to support Plaintiffs' claims against any of the Defendants with respect to punitive damages or negligent maintenance of the van involved in the rollover incident. In response to Defendants' motion, Plaintiffs have not submitted any evidence to refute these assertions.

## II.   ANALYSIS

Summary judgment under Fed. R. Civ. P. 56(c) "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When a motion for summary judgment is made and supported as provided in this rule, an adverse

party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed. R. Civ. P. 56(e). Rather, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Id. Judgment is appropriate "as a matter of law" if the non-moving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999).

It is not the Court's role, however, to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment. Rather, the Court assumes the evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor. See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999); Lopez, 172 F.3d at 759.

In this case, Defendants' summary-judgment motion asserts that Plaintiffs cannot establish a *prima facie* case with respect to any of their claims against ABM and CNA because a parent company is not liable for the actions of its subsidiaries absent evidence that the subsidiary is the alter ego of the parent company. See generally Scott v. AZL Res., Inc., 107 N.M. 118, 121, 753 P.2d 897, 900 (1988). Plaintiffs acknowledge in their response to Defendants' motion that they have presented no such evidence. Accordingly, Defendants ABM and CNA are entitled to summary judgment with respect to all of Plaintiffs' claims against them.

Defendants' summary-judgment motion further asserts that Plaintiffs cannot establish a *prima facie* case with respect to any of their claims that are based on a theory that the rollover incident was caused by a vehicle defect or negligent maintenance of the vehicle. Again, Plaintiffs acknowledge the lack of evidence to support this theory in their response to Defendants' motion. Therefore, all Defendants are entitled to summary judgment with respect to Plaintiffs' claims of vehicle defect or negligent maintenance of the vehicle.

Finally, Defendants assert that Plaintiffs cannot establish a *prima facie* case with respect to their claims for punitive damages against any Defendant because there is an absence of evidence to show that the conduct of Ms. Pachelli (as an employee of Easterday) satisfied the general requirements for the imposition of punitive damages, or that her employer authorized, ratified, or participated in such conduct. See generally Campbell v. Bartlett, 975 F.2d 1569, 1575 (10th Cir. 1992); Green Tree Acceptance, Inc. v. Layton, 108 N.M. 171, 174, 769 P.2d 84, 87 (1989). Plaintiffs acknowledge that such evidence is lacking in this case. Thus, Defendants are entitled to summary judgment with respect to all of Plaintiffs' claims for punitive damages.

After summary judgment is granted with respect to the above claims and Defendants, what remains is Plaintiffs' claim against Easterday based on a theory of *respondeat superior* for Ms. Pachelli's allegedly negligent or inattentive operation, use, or control of the company's van, see generally Medina v. Fuller, 1999-NMCA-011, ¶ 14, 126 N.M. 460, 971 P.2d 851, and the joinder of Continental as a party defendant based on that company's status as the allegedly negligent tortfeasor's automobile-liability insurer, see Raskob v. Sanchez,

-5-

1998-NMSC-045, ¶ 3, 126 N.M. 394, 970 P.2d 580.  Although Plaintiffs have not submitted any independent evidence to support such claims in their response to Defendants' summary-judgment motion, the undisputed facts and evidence submitted with Defendants' motion, when viewed in the light most favorable to Plaintiffs, are sufficient to make an adequate showing on the essential elements of these claims for purposes of defeating Defendants' summary-judgment motion.  Hence, Defendants are not entitled to summary judgment as a matter of law with respect to these particular claims against Easterday and Continental.

### III.   CONCLUSION

For the foregoing reasons, ***Defendants' Motion for Summary Judgment*** is granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that ***Defendants' Motion for Summary Judgment*** be and hereby is **GRANTED IN PART** with respect to (1) all of Plaintiffs' claims for punitive damages, (2) all of Plaintiffs' claims that are based on a theory of vehicle defect or negligent maintenance of a vehicle, and (3) all of Plaintiffs' claims against Defendants ABM Industries, Inc., CNA Financial Corporation, and CNA Insurance Group.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendants ABM Industries, Inc., CNA Financial Corporation, and CNA Insurance Group be and hereby are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that ***Defendants' Motion for Summary Judgment*** be and hereby is **DENIED IN PART** with respect to (1) Plaintiffs' claim against Defendant

Easterday Janitorial Supply Company that is based on a theory of *respondeat superior* for Ms. Pachelli's allegedly inattentive or negligent operation, use, or control of the company's van; and (2) Plaintiff's claim against Defendant Continental Casualty Company that is based on the joinder of an allegedly negligent tortfeasor's automobile liability insurer.

**SO ORDERED**, this 18th day of November, 2002, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge